IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW JACOB HELMUELLER,
a/k/a
Sovereignty J. Sovereign,

                      Plaintiff,

OPINION AND ORDER

21-cv-369-bbc

v.

JARED MCLAIN,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Andrew Jacob Helmueller is proceeding on a claim that defendant Jared McLain, a police officer, used excessive force against him in violation of the Fourth Amendment. Several motions are before the court.

First, plaintiff has filed three motions renewing his request for court assistance in recruiting counsel to represent him in this case. Dkt. #31; Dkt. #36; Dkt. #41. Those motions will be denied. As plaintiff is aware from his previous motions requesting the assistance of counsel, this court cannot make attorneys represent pro se litigants, and there are not enough volunteer attorneys willing and able to take on such representation. For this reason, the court attempts to recruit counsel only in the few cases for which the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. McCaa v. Hamilton, 959 F.3d 842, 845 (7th Cir. 2020); Pruitt v. Mote, 503 F.3d 647,

1

649 (7th Cir. 2007).  As I have explained to plaintiff in previous orders, this is not one of those cases.  This case involves a single claim of excessive force against a single defendant.  Plaintiff was present for the relevant incident and can testify based on his own personal knowledge.  The law applicable to plaintiff's claim is well-established and is set forth in the screening order.  Dkt. #10.  At this stage of the case, I am not persuaded that plaintiff is unable to represent himself.

Second, plaintiff filed an affidavit with several documents attached, stating that he intends to seek summary judgment or amend his complaint.  Dkt. #37.  However, he did not submit any proposed amended complaint, nor did he filed summary judgment materials that comply with this court's summary judgment procedures, which are set forth in the preliminary pretrial conference packet, at pages 1 through 8.  Dkt. #18.  This motion will be denied.

Third, defendant filed a motion to compel discovery and have requests for admissions deemed admitted.  Dkt. #26.  However, defendant agrees that the motion is moot because plaintiff now has provided discovery responses.  So this motion will be denied as moot.

Fourth, defendant seeks a 30-day extension of the disposition motion and expert disclosure deadlines, based on plaintiff's failure to provide timely responses to discovery requests.  This motion will be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Andrew Jacob Helmueller's motions for court assistance in recruiting counsel, dkt. #31; dkt. #36; dkt. #41, are DENIED.

2. Plaintiff's affidavit and motion seeking summary judgment or to amend his complaint, dkt. #37, is DENIED.

3. Defendant Jared McLain's motion to compel, dkt. #26, is DENIED as moot.

4. Defendant's motion for extension of time, dkt. #45, is GRANTED. Defendant's expert disclosure deadline is extended to August 1, 2022, and the dispositive motions deadline is extended to August 22, 2022.

Entered this 1ST day of July, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge