IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREW JACOB HELMUELLER,
a/k/a
Sovereignty J. Sovereign,

                                                    OPINION AND ORDER

                    Plaintiff,

                                                     21-cv-369-bbc

     v.

JARED MCLAIN,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Andrew Jacob Helmueller is proceeding on a claim that defendant Jared McLain, a police officer, used excessive force against him in violation of the Fourth Amendment. Several motions are now before the court.

First, plaintiff filed a motion "for summary judgment and or reconsideration" of this court's October 6, 2021 screening order, in which he was denied leave to proceed on a false arrest claim. Dkt. #58. The denial was for two reasons: (1) plaintiff provided no details about why he thought his arrest was unlawful; and (2) the state court criminal case stemming from plaintiff's October 2019 arrest was still ongoing. Dkt. #10.

In his motion, plaintiff seems to believe he may now proceed on a false arrest claim because the state criminal charges in connection with the incident involving Officer McLain have now been dismissed. See dkt. #58, exh A. In fact, a review of the state

1

court records available electronically shows that the case against him was dismissed on the state's motion after he was convicted of much more serious crimes in a separate case filed against him shortly after he was released on bond. Wisconsin Circuit Court Access, https://wcca.wicourts.gov, St. Croix County Case No. 2020CF544, 4/1/22 docket entry. However, the mere fact that the state charges were dismissed does not prove that Officer McLain lacked probable cause to *arrest* plaintiff for those charges, which is what plaintiff would have to show to prove a false arrest claim. And once again, plaintiff has provided no details about why he thinks his arrest was unlawful. Accordingly, I will not allow plaintiff to amend his complaint to proceed on a false arrest claim.

Second, plaintiff filed a motion asking this court to find that defendant admitted all of plaintiff's requests for admissions dated July 14, 2022 because plaintiff did not receive defendant's responses to those requests until August 19, 2022, which he says was five days late. Dkt. #70. This motion will be denied. It appears that defendant served the responses within the 30 days required by the Federal Rules of Civil Procedure. In any case, plaintiff has not shown that he was prejudiced in any way by a delay of a few days. As he admits, he had the defendant's responses before defendant filed his motion for summary judgment on August 22, 2022.

Finally, plaintiff has filed a letter accusing this court of "bias" for allegedly entertaining "untimely" motions from defendant. Dkt. #72. Plaintiff seems to be referring to defendant's August 22 motion for summary judgment, but that motion was not untimely. See dkt. #45, at 3 (extending the deadline for dispositive motions to

2

August 22, 2022). It appears that plaintiff may be seeking additional time to respond to the motion, but that is not clear from his letter. If plaintiff wants more time to respond to defendant's motion, he should present that request in a motion, supported by reasons he cannot meet his deadline. His August 29 letter, however, does not seek any specific relief, so I will take no action on it.

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew Jacob Helmueller's motion to amend his complaint to include a claim for false arrest, dkt. #58, is DENIED.

2. Plaintiff's motion to compel, dkt. #70, is DENIED.

3. The court takes no action on plaintiff's August 29, 2022 letter, dkt. #72.

Entered this 12th day of September, 2022.

BY THE COURT:

/s/_____
BARBARA B. CRABB
District Judge